1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

7

8

9

10

11

| | |
|---|---|
| WESTERN HOLDINGS, LLC,  ) | |
| ) | |
| Plaintiff,  ) | 3:13-cv-00440-RCJ-WGC |
| ) | |
| vs.  ) | |
| ) | |
| METABOLIC RESEARCH, INC. et al.,  ) | **ORDER** |
| ) | |
| Defendants.  ) | |
| _____  ) | |

12      This case arises out of the alleged infringement of a patent for a dietary supplement.  One

13   Defendant has moved to dismiss for failure to state a claim.  Plaintiff has asked for a default

14   judgment against the other Defendant.  For the reasons given herein, the Court denies the Motion

15   to Dismiss (ECF No. 13) and grants the Motion for Default Judgment (ECF No. 24).

16   **I.      FACTS AND PROCEDURAL HISTORY**

17      On July 1, 2003, Plaintiff Western Holdings, LLC obtained an exclusive license (the

18   "Agreement") from non-party Nutraceutical Development Corp. ("NDC") with respect to NDC's

19   technology for creating a dietary supplement ingredient. (*See* Compl. ¶ 9, Aug. 15, 2013, ECF

20   No. 4).  The Agreement included the right to prosecute infringement claims should NDC receive

21   a patent for the licensed technology. (*See id.* ¶¶ 22–24).  On July 11, 2006, the USPTO issued

22   U.S. Patent No. 7,074,812 (the "Patent") to NDC. (*Id.* ¶¶ 9–11).

23      Pursuant to the Agreement, Plaintiff sub-licensed the technology to non-party Novex. (*Id.*

24   ¶ 12).  The technology includes the administration of nicotine in combination with exercise to

25   develop muscle mass. (*Id.* ¶ 13).  Using the technology encompassed by the Patent, Novex

1  developed a dietary supplement called Endothil-CR, the primary ingredient of which is green

2  tomato extract, which naturally contains nicotine. (*Id.* ¶¶ 14–15).

3       Defendant David Summers was the CEO of NDC in 2003 and signed the Agreement on

4  behalf of NDC in July 2003. (*Id.* 2:8–10; *id.* ¶ 9).  From December 2003 to March 2009,

5  however, Summers was an officer and director of Defendant Metabolic Research, Inc. ("MRI").

6  (*Id.* ¶ 18).  "In 2007, Summers licensed to Metabolic the rights to develop a product based on

7  intellectual property Mr. Summers claimed to own.  Defendants subsequently developed and

8  marketed products which violate the Patent, marketed and sold under the name Stemulite." (*Id.*

9  ¶ 19).  Stemulite contains eggplant extract, which naturally contains nicotine, as a primary

10  ingredient. (*Id.* ¶ 20).

11       Plaintiff sued Defendants in this Court on a single count of patent infringement pursuant

12  to 35 U.S.C. §§ 284, 285.  The Clerk has entered default against MRI, and Plaintiff has asked for

13  a default judgment.  Summers has moved to dismiss for failure to state a claim.

14  **II.**     **LEGAL STANDARDS**

15       **A.**     **Dismissal**

16       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

17  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

18  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

19  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

20  that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

21  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

22  F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

23  failure to state a claim, dismissal is appropriate only when the complaint does not give the

24  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

25  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B. Default Judgment

Obtaining default judgment is a two-step process under Rule 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). The party seeking default judgment must then petition the court for a default judgment. *Id.* at 55(b)(2). "A grant or denial of a motion for the entry of default judgment is within the discretion of the court." *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). A court may, "for good cause shown," set aside an entry of default. *See McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002). Default judgments are generally disfavored, so courts should attempt to resolve motions for default judgment to encourage a decision on the merits. *See id.* (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). In order for a court to determine whether to "exercise its discretion to enter a default [judgment]," the court should consider seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* (citing *Eitel*, 782 F.2d at 1471–72).

## III. ANALYSIS

The Court will grant a default judgment against MRI and will hold a damages hearing. The complaint is sufficient, and if the allegations are true, it is likely that MRI has infringed the Patent, which Plaintiff has the right to enforce both contractually, and, as an exclusive licensee, possibly also as a matter of law. *See Prima Tek II, LLC v. A-Roo Co.*, 222 F.3d 1372, 1376–78 (Fed. Cir. 2000). There is no indication of excusable neglect. Plaintiff continues to be

1  prejudiced every day MRI violates the Patent.  The Court will determine the sum of money at

2  stake at the damages hearing.

3        Next, Summers asks the Court to dismiss for two primary reasons: (1) the Complaint does

4  not identify the means of infringement or the section(s) of the patent law invoked; and (2)

5  Summers is not an appropriate party.  Summers points to *Phonometrics, Inc. v. Hospitality*

6  *Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) for the elements of an infringement

7  claim:

8            In this case, Phonometrics' complaint alleges ownership of the asserted
         patent, names each individual defendant, cites the patent that is allegedly infringed,
9         describes the means by which the defendants allegedly infringe, and points to the
         specific sections of the patent law invoked.  Thus, Phonometrics' complaint contains
10        enough detail to allow the defendants to answer.

11  *Id.*  Summers argues that the Complaint fails to identify the means by which Summers himself

12  has infringed the Patent or the section(s) of the patent law Plaintiff intends to invoke.  Plaintiff

13  does not argue against the above list of elements, but points out that it has alleged in paragraph

14  19 of the Complaint that Summers infringed the Patent by purporting to license the relevant

15  technology to MRI (the company of which he was an officer and director), (*see* Compl. ¶ 19), and

16  that the Complaint identifies §§ 284 and 285 of Title 35 as the sections of the patent law

17  Summers violated in doing so, (*see id.* ¶¶ 30–31).

18        The Court agrees with Plaintiff, with a caveat.  First, Sections 284 and 285 concern

19  damages and attorney's fees in infringement actions, not theories of infringement.  Section 271 is

20  the statute defining infringement, and Plaintiff has not explicitly identified that statute in the

21  Complaint.  But because the claim is for patent infringement, it is clear that Plaintiff meant to

22  invoke § 271.  Although there exist multiple ways to infringe a patent under § 271, the Court will

23  accept the pleading as sufficient at this stage, because second, Plaintiff has sufficiently identified

24  the way in which it believes Summers has violated the Patent, i.e., by purporting to license it to

25  MRI.  The caveat is that Plaintiff had better not simply be guessing that Plaintiff "licensed" the

1   Patent to MRI or recklessly characterizing the situation that way if Summers in fact only acted as

2   an officer or director of MRI as to MRI's own infringing activities.  It is of course possible that

3   Summers purported, via oral or written license, to permit MRI to use the technology.  But it is

4   also possible that Summers simply acted as an officer/director of MRI with respect to MRI's own

5   infringing use.  If the latter is the case, and if Plaintiff has merely chosen to characterize the

6   situation as Summers having "licensed" the Patent to MRI, without any evidence of any

7   purported oral or written license from Summers, Plaintiff can expect eventually to be sanctioned

8   for the full amount of Summers's fees and costs.  The facts will come out in discovery, but the

9   Court will not dismiss at this time.  The allegation that Summers "licensed" the technology to

10  MRI in his individual capacity is enough under Rule 8(a).  Finally, the Court notes that

11  Defendant is correct that the Complaint includes no allegation that Summers is MRI's alter ego.

12                                            **CONCLUSION**

13          IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 13) is DENIED.

14          IT IS FURTHER ORDERED that the Motion for Default Judgment (ECF No. 24) is

15  GRANTED.  The Court shall hold a damages hearing in Courtroom 6 the Bruce R. Thompson

16  Courthouse in Reno, Nevada 2:30 P.M. on 12/16/2013  Plaintiff shall serve a copy of this

17  Order upon Metabolic Research, Inc. at least seven (7) days before the hearing.

18          IT IS SO ORDERED.

19  Dated this 26th day of November, 2013.

20                                                         ROBERT C. JONES
21                                                      United States District Judge

22

23

24

25