**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Adam C. Anderson, Esq.
Nevada Bar No. 13062
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
aanderson@maclaw.com
Attorneys for Defendant David P. Summers

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN HOLDINGS, LLC, a Nevada limited liability company,<br><br>      Plaintiff,<br><br>vs.<br><br>METABOLIC RESEARCH, INC., a Nevada corporation, and DAVID P. SUMMERS an individual,<br><br>      Defendants | Case No.: 3:13-cv-440 |
| DAVID P. SUMMERS, an individual,<br><br>      Cross-Claimant,<br>vs.<br><br>METABOLIC RESEARCH, INC., a Nevada corporation,<br><br>      Cross-Defendant. | |
| DAVID P. SUMMERS, an individual,<br><br>      Third Party Plaintiff,<br><br>vs.<br><br>T.W. OWEN, an individual; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive<br><br>      Third Party Defendants | |

MAC:04437-005 2269323_1

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

WHEREAS, the Parties and other non-parties may, during the course of this litigation, be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the Parties have, through counsel, stipulated and agreed to entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY STIPULATED that the following provisions of this Order shall govern and control the disclosure, dissemination, and use of information in this litigation.

1. This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with this litigation and designated in accordance with this Order.

2. Any Party (hereinafter "Designating Party") may designate information or documents produced, used, or disclosed in connection with this litigation ("Discovery Material") as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" to the other Parties and other persons involved in this litigation (collectively "Receiving Party") by stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" on the documents or orally if recorded as part of a deposition or court record, pursuant to the terms of this Order. In designating Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," counsel for a Designating Party will make such designation only as to that information that he or she in good faith believes to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" as defined in Paragraphs 2.a. or 2.b. of this Order.

   a. "CONFIDENTIAL" means trade secrets, other confidential, non-public and proprietary technical information, including, research or development information, patent

applications, trademark applications, commercial, financial, budgeting and/or accounting information, information about existing customers, marketing studies, performance and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, as well as confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this litigation have or have had business relationships which a Designating Party in good faith so designates because of its view that the information or any information derived therefrom contains or reflect trade secrets, or other confidential research, development, or commercial information. The "CONFIDENTIAL" category shall be invoked by a Designating Party only relative to documents or categories of documents that contain confidential information that legitimately falls within the definition of protectable documents under Fed. R. Civ. P. 26(c).

   b.   "CONFIDENTIAL" information may be further restricted by an "ATTORNEY'S EYES ONLY" designation. Designation of "CONFIDENTIAL" information with the further restriction of "ATTORNEY'S EYES ONLY" shall be limited to information and documents that contain or refer to trade secrets or other confidential or technical research, development, business, or financial information that, if disclosed to a business competitor, may tend to damage the Designating Party's competitive position.

   3.   The designation of Discovery Material in the form of documents, responses to requests for admission and interrogatories, responses to subpoenas or other tangible materials (including, without limitation, electronically stored information), other than depositions or other pretrial testimony, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall be made by the Designating Party in the following manner:

   a.   Documents designated "CONFIDENTIAL" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL" on each page containing any confidential information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall also be identified by Bates number. To the extent practical, the "CONFIDENTIAL" legend shall be placed near the Bates number;

MAC:04437-005 2269323_1

    b. Documents designated "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" on each page containing any counsel eyes only information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall also be identified by Bates number. To the extent practical, the "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" legend shall be placed near the Bates number;

    c. If a document has more than one designation, the more restrictive or higher confidential designation applies.

    d. As to those documents that are produced for examination for the purposes of allowing opposing counsel to determine which of those documents opposing counsel desires copies, those documents shall be treated as "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" pursuant to this Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the Designating Party.

    e. Documents printed out from any electronic medium marked with "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall be marked by the Party printing such documents with the same designation as the electronic medium from which they are printed.

    f. To the extent electronically stored information or other material cannot physically be labeled "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," the Parties will identify the material with sufficient specificity to put Parties and others subject to this Order on notice as to the confidential nature or such material.

    4. Information conveyed or discussed in testimony at a deposition or a court hearing shall be subject to this Order provided it is designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" orally or in writing either at the time the testimony is given or after receipt by the Parties of the transcript. During such time as any

MAC:04437-005 2269323_1

information or documents designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" are disclosed in a deposition, any Party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order. Unless counsel for a Party states otherwise on the record, the entire deposition transcript for each deponent in this litigation and the information contained therein is to be treated as "CONFIDENTIAL ATTORNEY'S EYES ONLY" for a period of time not to exceed 30 days after the Party receives a copy of the deposition transcript, during which time the Party may designate, in writing, specific portions of the transcript "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" as appropriate. If the Party fails to designate in writing any portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" within the 30-day period, the other Parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality subject to the provisions of paragraph 5 below.

5. Subject to the provisions of Paragraphs 2 and 3, the failure to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" in accordance with this Order and the failure to object to such a designation shall not preclude a Party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY." The Parties understand and acknowledge that failure of a Party to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" relieves the Receiving Party of obligations of confidentiality until such a designation is made, except as otherwise provided herein. If any Discovery Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the Discovery Material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Discovery Material is treated in accordance with the provisions of this Order. Within five (5) days of receipt of the substitute copies of Discovery Material, the Receiving Party shall return the previously undesignated Discovery Material and all copies thereof.

6. A Party that objects to the designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall provide written notice of the objection to the Designating Party. The notice shall state with specificity the document objected to and the basis for the objection. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for such challenging Party's belief that the confidentiality designation was not proper, must give the Designating Party an opportunity to review the designated Discovery Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the dispute cannot be resolved, the challenging Party may move the Court requesting that the document(s) in question be re-designated. If such motion is brought by the challenging Party, the Designating Party shall bear the burden of establishing the confidentiality of the document(s) in question. No Party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter.

7. Other than by the Designating Party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with this litigation, and any and all related litigation and parallel proceedings, including but not limited to Utah Case No 110901416, and shall not be used in any other manner by a Receiving Party. Any such designated information or documents shall not be disclosed to anyone other than:

    a. the Court and court personnel;

    b. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

    c. the counsel and law firms representing the Parties in this litigation and such counsel's employees, and third-party copy or document management vendors;

MAC:04437-005 2269323_1

d. the directors and officers of each Party and no more than a total of seven (7) employees of each Party, who shall, prior to receiving such designated information or documents, be furnished with a copy of this Order and shall execute a Declaration in the form of Exhibit A attached hereto, confirming that he/she has read and understands the provisions of this Order and agrees to be bound hereby ("Designated Employees");

e. testifying experts, investigators, consulting experts, advisors, jury consultants, and mock jury members that are not presently employees of a Party, provided, however, that before any such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto;

f. persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or Party testifying; and

g. such other persons as the Parties may designate in writing by stipulation or orally agree upon on the record at a deposition in this litigation, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "g", except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

8. Information designated "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall be used solely in connection with this litigation, and any and all related litigation and parallel proceedings, including but not limited to Utah Case No. 110901416, and production of such information shall be limited to:

a. the Court and court personnel;

MAC:04437-005 2269323_1

    b.    court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

    c.    the counsel and law firms representing the Parties in this litigation and such counsel's employees, and third-party copy or document management vendors;

    d.    testifying experts, investigators, consulting experts, advisors, jury consultants, and mock jury members that are not presently employees of a Party, provided, however, that before any such person is shown or receives any information or document designated as "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," he or she must execute a Declaration in the form of Exhibit A attached hereto;

    e.    persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" document or information was authored by, addressed to, or received by the person or Party testifying; and

    f.    such other persons as the Parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall not be left in the possession of the person subject to this subparagraph "f", except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

9.    This Order shall apply equally to documents and information produced by non-Parties to this litigation pursuant to subpoena or other disclosure. A non-Party may designate documents or information it produces as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" pursuant to this Order. A non-Party that makes original documents or information available for inspection and review need not designate such documents or materials for protection until after the inspecting Party has indicated which

MAC:04437-005 2269323_1

documents or material such inspecting Party would like copied and produced. During the inspection and before the designation, all of the documents or material made available for inspection shall be deemed "CONFIDENTIAL -- ATTORNEY'S EYES ONLY." After the inspecting Party has identified the documents or materials such inspecting Party wants copied and produced, the non-Party shall determine which documents or materials, or portions thereof, qualify for protection under this Order. Before producing the specified documents or materials, the non-Party shall affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY") on each page containing information or material that qualifies for protection under this Order. If only a portion or portions of the material on a page qualifies for protection, the non-Party shall also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY").

10. A Party seeking to file any paper or other matter in any civil case designated CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall seek to file the paper or other matter under seal, pursuant to the Court's Local Rules, unless the Designating Party authorizes, in writing, that such paper or other matter does not have to be filed under seal.

11. Any person in possession of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information shall exercise reasonably appropriate care with regard to the storage, custody or use of such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information in order to ensure that the confidential or highly confidential nature of the same is maintained.

12. If information designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" is disclosed to anyone other than in a manner authorized by this Order, the Party responsible for such disclosure must: (a) immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information; (b) retrieve such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information, or,

MAC:04437-005 2269323_1

1  where the information is not retrievable, certify that, as far as the Party responsible for disclosure
2  is aware, such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY"
3  information has been lost or destroyed and that no copies are within the possession, custody, or
4  control of unauthorized recipients of the information, documents, or materials; and (c) prevent
5  further disclosure.

6        13.    Unless otherwise permitted herein, within sixty (60) days after the final
7  disposition of this litigation, including all appeals therefrom, all documents (originals and copies)
8  designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" and
9  all excerpts therefrom in the possession, custody, or control of any Parties (other than the
10 Designating Party) and any experts, investigators, advisors, or consultants shall be destroyed by
11 the Receiving Party (or, upon written request, returned to the Designating Party at the
12 Designating Party's expense). The attorneys of record for each Party shall be entitled to retain all
13 exhibits admitted into evidence at trial, pleadings, motion papers, discovery responses,
14 deposition transcripts and exhibits, legal memoranda, correspondence and work product. Upon
15 request, the Parties and their counsel shall separately provide written certification to the
16 Designating Party within sixty (60) days after the final disposition of this litigation that the
17 actions required by this paragraph have been completed.

    \* **During the pendency of this litigation,**
18       14.    the Court shall retain jurisdiction over the Parties for the purpose of ensuring
19 compliance with this Order and granting such amendments, modifications, and additions to this
20 Order and such other and further relief as may be necessary, and any Party may apply to the
21 Court at any time for an amendment, modification, or addition to this Order. ~~This Order shall~~
22 ~~survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.~~

23       15.    A Party in receipt of documents or information designated as "CONFIDENTIAL"
24 or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" hereunder who is required to disclose
25 the document or information pursuant to any law, regulation, order, or rule of any governmental
26 authority, shall give immediate advance notice within two (2) business days, to the extent
27 possible, or, if not possible, shall give notice as soon as possible thereafter, of any such requested
28 or actual disclosure in writing to the counsel of the other Parties to afford the Parties the

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:04437-005 2269323_1

opportunity to seek legal protection from or otherwise limit the disclosure of such information or documents.

16. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any Party that any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any Party may have against one another or a third Party. Neither this Order nor any stipulation resulting therefrom shall be deemed to expand the scope of discovery in these actions beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to these actions.

17. Inadvertent production of documents subject to work product immunity or the attorney-client privilege or any other privilege or immunity shall not constitute a waiver of the immunity or privilege; provided that the Designating Party notifies the Receiving Party in writing via facsimile or email, with confirmation by first-class mail, of such inadvertent production immediately upon learning of same. Such inadvertently produced documents, and all copies thereof, shall be returned to the Designating Party upon request within five (5) business days except that, if the Receiving Party intends to request that the Court order the production of any such inadvertently produced documents, it may retain one copy of the document for such purpose and if so, notify the Designating Party promptly. The Receiving Party must return such inadvertently produced documents if the Receiving Party does not request such relief from the Court within a reasonable time period not to exceed 20 days, unless the Parties are engaged in good faith discussions regarding the documents or if the Court denies any such relief, whichever is longer, and no use may be made of such documents thereafter. Nothing in this Order shall prevent the Receiving Party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Order prevents any Party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege or any other privilege or immunity.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:04437-005 2269323_1

1        18.     Nothing in the Order shall be construed to affect the admissibility of any

2   document, material, or information at any trial or hearing; any request for confidentiality,

3   closure, or sealing of any hearing or trial must be made to the judge then presiding over this

4   litigation. A Party intending to introduce confidential information or documentation at any

5   hearing or trial in this litigation will approach the bench for a ruling on how the information or

6   documentation is to be treated.

7        IT IS SO STIPULATED:

Dated this 24th day of July, 2014                    Dated this 24th day of July, 2014

**MARQUIS AURBACH COFFING**                          **LEWIS AND ROCA LLP**

By:*/s/ Adam C. Anderson*                            By:*/s/ W. West Allen*
   Terry A. Coffing, Esq.                            Ann-Martha Andrews, Esq.
   Adam C. Anderson, Esq.                            W. West Allen, Esq.
   10001Run Drive                                    3993 Howard Hughes Parkway, Suite 600
   Las Vegas, Nevada 89145                           Las Vegas, Nevada 89169
   Attorneys for Defendant David P. Summers          Co-Attorneys for Plaintiff

Dated this 24th day of July, 2014

**PRICE PARKINSON & KERR, PLLC**

By:*/s/ Jason M. Kerr*
   Jason M. Kerr, Esq.
   5742 West Harold Gatty Drive
   Salt Lake City, Utah  84116
   Co-Attorneys for Plaintiff

**PARAGRAPH 14 IS MODIFIED AS NOTED AT PAGE 10, LINES 18-22.**

**PARAGRAPH 18 IS MODIFIED THAT ANY PARTY SEEKING TO SUBMIT ANY DOCUMENTS UNDER SEAL MUST COMPLY WITH L.R. 10-5 AND SATISFY THE REQUIREMENTS OF *KAMAKANA v. CITY & COUNTY OF HONOLULU*, 447 F. 3d 1172 (9TH Cir. 2006).**

/ / /

MAC:04437-005 2269323_1

**ORDER**

Good cause appearing therefore, IT IS SO ORDERED this 25th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

**Submitted By:**

**Marquis Aurbach Coffing**

*/s/ Adam C. Anderson*
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Adam C. Anderson, Esq.
Nevada Bar No. 13062
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendant David P. Summers

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:04437-005 2269323_1

# Exhibit A

**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Adam C. Anderson, Esq.
Nevada Bar No. 13062
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
aanderson@maclaw.com
Attorneys for Defendant David P. Summers

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN HOLDINGS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>METABOLIC RESEARCH, INC., a Nevada corporation, and DAVID P. SUMMERS an individual,<br><br>Defendants | Case No.:   3:13-cv-440<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |
| DAVID P. SUMMERS, an individual,<br><br>Cross-Claimant,<br>vs.<br><br>METABOLIC RESEARCH, INC., a Nevada corporation,<br><br>Cross-Defendant. | |
| DAVID P. SUMMERS, an individual,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>T.W. OWEN, an individual; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive<br><br>Third Party Defendants | |

Page 1 of 3

# [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1. I, _____ declare as follows:

2. My address is _____.

3. If I am an expert, a copy of my curriculum vitae is attached.

4. My present employer is _____.

5. My present occupation or job description is _____.

6. I have received a copy of the Stipulated Protective Order Regarding Confidentiality entered in the above captioned action.

7. I have carefully read and understood the provisions of the Stipulated Protective Order Regarding Confidentiality.

8. I will comply with all of the provisions of the Stipulated Protective Order Regarding Confidentiality.

9. I will hold in confidence, not disclose to anyone not designated in the Stipulated Protective Order Regarding Confidentiality, and will use only for the purposes of assisting in the resolution of disputes between the Parties to the action, any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY."

10. I will return all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL --ATTORNEY'S EYES ONLY" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the Party who disclosed or furnished such documents to me promptly upon the request of counsel for all Parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of these actions.

11. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me, the terms of the Stipulated Protective Order Regarding Confidentiality and of the terms of this Declaration.

/ / /

/ / /

MAC:04437-005 2282722_1

12. I declare under penalty of perjury of the laws of the United States and the State of Nevada that the foregoing is true and correct.

_____   _____
Date                                                Signature